### 2497. EDWARDS *v.* THE STATE.

1. The verdict of manslaughter is not without support in the evidence or reasonable inferences fairly deducible therefrom.
2. The charge of the court, when considered as a whole, clearly and accurately instructed the jury on the law of justifiable homicide; and no prejudicial error appears.

Conviction of manslaughter; from Floyd superior court—Judge Maddox. February 19, 1910.

Argued March 22,—Decided April 6, 1910.

*M. B. Eubanks, Barry Wright,* for plaintiff in error.

*John W. Bale, solicitor-general,* contra.

HILL, C. J. The plaintiff in error was indicted for murder and was convicted of voluntary manslaughter. His motion for a new trial having been overruled, he brings the case to this court for review. We will consider in their order the assignments of error made in the motion.

1. As to the general grounds: The evidence shows that the defendant and the deceased, two negro men, without any apparent previous difficulty or ill feeling, became involved in a sudden quarrel relating to a report which had been circulated against the defendant with reference to illegal traffic in intoxicating liquor. The State introduced no witness to the difficulty resulting in the homicide, but proved the declaration of the deceased, made shortly before his death, that the defendant had cut him, the nature and extent of the wound inflicted by the defendant on the person of the deceased, and the fact that no knife was found on the person of

the deceased at the time of the difficulty or subsequently. The State contended that these facts proved the killing by the defendant and raised against him the presumption that the killing was murder. The defendant introduced the only eye-witness to the difficulty. This witness testified, in substance, that the two—the deceased and the defendant—became involved in a sudden quarrel as above stated; that the deceased threw at the defendant a pickle bottle which he held in his hand; that the defendant thereupon ran and was pursued by the deceased, who had in his hand an open dirk-knife; and that suddenly the defendant stopped, whirled, and cut the deceased with a barlow-knife, which in some inexplicable way he had taken out of his pocket and opened while he ran from the deceased. It is claimed that as this was the only positive evidence of the difficulty resulting in the homicide, and as it showed that the defendant was justifiable in cutting the deceased, the presumption against him, which had been raised by the evidence in behalf of the State on proof of the killing, was fully rebutted, and that therefore there was no evidence indicating that the killing was unlawful, and the verdict of voluntary manslaughter was wholly unsupported by any evidence.

Unquestionably the presumption which the law raises on proof of the killing, that the homicide was malicious, would be rebutted by the positive testimony of an eye-witness, provided such testimony was reasonable and credible, and there were no circumstances in aid of the presumption of malice and in conflict with the positive evidence. In other words, we think the jury, in a case of homicide, would not be authorized to find the defendant guilty of murder on the bare presumption raised by proof of the killing, if such presumption had been fully rebutted by positive and direct testimony, reasonable in its character and given by a credible witness. In the present case, however, we think that certain circumstances appear in the evidence for the State which the jury could have reasonably accepted as the truth, and which, if true, justified them in finding a verdict of voluntary manslaughter, or even a verdict of murder. · The physician testified that, from an examination of the character of the wound inflicted upon the deceased, in his opinion the instrument used in the infliction of the wound was a weapon likely to produce death. The evidence showed that it was a knife, and that the defendant used it in such a manner as was likely to

produce death.    He cut the deceased twice with this knife, once
on the arm and again in the stomach, penetrating the cavity and
cutting the intestines.    Besides, it was shown by the State that no
knife was found on the person of the deceased immediately after he
was cut; and the jury, therefore, had the right, under this evidence,
to come to the conclusion that the defendant cut him not because
of any fear that the deceased was about to assault the defendant
with a knife, but because of the previous assault which the de-
ceased had made upon him with a pickle bottle.    This theory, if
it was the truth of the case (and of this the jury were the sole
judges), would have certainly warranted a verdict of voluntary
manslaughter, and might have supported a verdict of murder.
Add to these circumstances that the jury had the further right to
disregard the testimony of the one eye-witness introduced by the
defendant, who swore that the deceased was pursuing the defendant
with a large dirk-knife open in his hand, and that the defendant,
nevertheless, succeeded in whirling suddenly and cutting the de-
ceased twice and escaped any injury to himself, notwithstanding
the fact that the deceased, although cut, was still physically able
to have used his dirk-knife on the defendant.    The reasonableness
of this testimony was a question for the jury, and we can not say
that there was no evidence to support their verdict; and for this
reason, in so far as this court is concerned, the general grounds of
the motion for a new trial are without merit.

2.    The 4th ground of the amendment to the motion for a new
trial is fully covered by what we have stated in considering the
general grounds of the motion.    The 5th, 6th, and 7th grounds
may be considered together, as they involve substantially the same
question.    It is insisted that in the portions of the charge ex-
cepted to, the judge restricted the right of the defendant to an
absolute or real necessity to cut the deceased to save his own life,
excluding the idea of an apparent necessity, honestly entertained
and acted upon by the defendant; and withheld from the jury the
right the defendant would have had if, as a reasonable man, he be-
lieved, from all the circumstances, that there was apparent neces-
sity for him to cut the deceased to prevent a serious bodily injury
amounting to a felony which the deceased was about to commit on
him; in other words, that the court by its charge left the jury to
conclude that, under the law, the only fear that would have justified

the defendant in taking the life of the deceased would have been a fear that the deceased manifestly intended to take his life. If, upon a consideration of the charge as a whole, this criticism of the charge be warranted, the charge would be erroneous, as was held by this court in *Bates* v. *State, 4 Ga. App.* 486 (61 S. E. 888), because of the exclusion of the defense that the defendant, in cutting the deceased, did so under a reasonable fear that the deceased was about to commit a felony upon his person. But when the charge is considered as an entirety, we do not think it subject to this criticism. Immediately following the excerpts objected to, the court, in charging the law of justifiable homicide, used the following language: "If you believe, from all the circumstances, that the defendant was acting under the fears of a reasonable man that his life was in danger, or that great bodily harm was about to be done him, and that he cut under the influence of this fear, and not in a spirit of revenge, you will acquit the defendant." It will thus be seen that the charge of the court on the subject of self-defense was really more favorable to the defendant than the express letter of the law; for the judge distinctly told the jury that the defendant would have a right to kill the deceased, not only to prevent the taking of his own life by the deceased, but to prevent the deceased from inflicting upon him great bodily harm, even if such bodily harm did not amount to a felony, and that the defendant would have been justified if he was acting under the fears of a reasonable man that such was the case. We think the words "acting under the fears of a reasonable man" embrace, in substance, both actual and apparent necessity. The excerpts objected to, on the subject of murder and manslaughter, could not have misled the jury or have been prejudicial to the defendant, when taken in connection with the law of justifiable homicide, which was given by the court immediately following the portions of the charge complained of.

From a careful consideration of the entire charge we conclude, that no substantial error appears, that the jury was fully informed as to the legal rights of the defendant, and that the verdict of manslaughter is not without support in the evidence. The jury were authorized to adopt the theory of voluntary manslaughter, from all the proved facts and circumstances.

*Judgment affirmed.*